Besson v. Gribble.

JOHN C. BESSON, executor,

v.

CATHARINE GRIBBLE, alias COX.

The defendant claimed to be entitled to dower in the testator's real estate. On bill filed to quiet title—*Held*, that the proof showed that she was not his wife, and therefore it should be decreed that she was entitled to no dower, and must give up possession of the property in which he and she lived together at his death, and of which she continued to hold and claim possession as his widow.

Bill for relief. On final hearing on pleadings and proofs.

*Mr. J. C. Besson, in pro. pers.*

*Mr. J. Chapman, for defendant.*

THE CHANCELLOR.

The complainant is the executor of the will of William Cox, deceased, late of West Hoboken, and the bill is filed to quiet title to the testator's real estate from the claim of the defendant to dower therein. By the will, the executor is authorized and empowered to sell all of the testator's real estate. The defendant lived with the testator in West Hoboken for many years, and up to the time of his death, and had three children by him. In the will he makes the following devise and bequest to her:

"I do give, bequeath and devise unto my housekeeper, Catharine Gribble, the house and lot of land, being 75 feet by 100 feet, whereon I now reside, in the said county of Hudson, to have and to hold the same to herself, her heirs and assigns forever; also my gold watch, all the furniture in said house and all my wearing apparel, which devise and bequest is intended to be in lieu of all claims for wages or other services to me by her rendered."

This is followed by a gift to his "natural children" then or thereafter "to be born of the body of said Catharine Gribble."

At the time of the testator's death he was not living in the house
devised to the defendant, but was living with her and their three
children in one in West Hoboken, standing on land owned by
him and his brother as tenants in common, and she, ever since
his death, has continued to reside there, as she still does, claim-
ing, as widow, possession of it as her husband's mansion-house.
The testator's personal estate is of the value of $18,000, and his
debts amount to over $34,000. It is therefore necessary to make
sale of some, if not all, of his real estate in Hudson county (it is
said to be worth $25,000 or $30,000) to pay his debts. It is
needless to say that the defendant's claim that she is the testa-
tor's widow, and as such entitled to dower in all his real estate,.
prevents the complainant from obtaining such a price for the
property as he otherwise could get, and so inflicts an irreparable
injury. An expert witness testifies that the difference would be
fifty per cent. The executor cannot bring her claim to a test in
any court of law, for he has no title, but only a power of sale..
And she retains possession, as widow entitled to dower in it, of
the property where the testator lived at the time of his death,
and the executor cannot deliver possession of it to a purchaser,.
nor can he obtain possession by means of legal proceedings, for
the reason before given—that he has no title. The defendant does
not, either in her answer or in her testimony, directly allege that
she was married to the testator. In the former she says, in re-
sponse to the allegations of the bill, that she admits that she has
claimed and still claims to be his widow, and as such widow to
have rights in all the lands of which he died seized. This
answer is a sufficient averment for the purposes of the suit—that
she was married to the testator and claims dower as his widow.
In her testimony she says she has three children living by her
" marriage " with the testator, and she speaks of him as her
deceased " husband." The evidence does not establish her mar-
riage to him. She relies for proof of it on the fact that they
cohabited for many years, and that he sometimes introduced her
to people as his wife. One of her witnesses says that, although
the testator introduced the defendant as his wife, and always
called her his wife in the witness's presence, he, the witness, knew

that he had never been married to her, but lived with her as his wife. It is proved that she was sometimes called and known as Catharine Gribble and sometimes as Catharine Cox. The testator in his will styles her his housekeeper, Catharine Gribble, and speaks of the natural children he had or might have by her. The will was made in June, 1871, and the testator died in May, 1878. Three of their children were born before the will was made, and the other two months after that time. The provision made for the defendant in the will is to be in lieu of all claims for wages or other services by her to him. It appears that the testator, while they lived together, conveyed real property, by deed, without her joining in the deed, and that such title was accepted as satisfactory. The relation between them was evidently not connubial but meretricious.

There will be a decree that she is not entitled to dower in the lands of which the testator died seized, or to which he was entitled at his death, and she will be enjoined from setting up or making any claim to dower in those lands or any of them. She will also be required to give up possession of the property occupied by her.